[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 16, 2008
THOMAS K. KAHN
CLERK

_____

Nos. 05-13457 &
No. 05-14671

_____

D. C. Docket No. 04-60619-CV-JIC

ESSEX INSURANCE COMPANY,

Plaintiff-Appellant,

versus

MERCEDES ZOTA,
MIGUEL ZOTA,

Defendants-Third-Party
Plaintiffs-Appellees,

LIGHTHOUSE INTRACOASTAL, INC.,
JACK FARJI, an individual,
BROWARD EXECUTIVE BUILDERS, INC.,

Defendants-Appellees,

R.A. BRANDON & CO., INC.,

Third-Party
Defendant.

Appeals from the United States District Court
for the Southern District of Florida
_____

**(July 16, 2008)**

Before TJOFLAT and CARNES, Circuit Judges and HODGES,[*] District Judge.

PER CURIAM:

Previously in this case we certified five unsettled questions of state law to the Florida Supreme Court.  Essex Ins. Co. v. Zota, 466 F.3d 981 (11th Cir. 2006). That Court has responded with an opinion that thoroughly discusses and decides the primary state law question that we certified.  Essex Ins. Co. v. Zota, ___ So. 2d ___, 2008 WL 2520879 (Fla. June 26, 2008).  As the Florida Supreme Court opinion explains, the answer it gave to the first certified question moots the second one, and it partially answers the fifth one.  Id. at *3.  The Court determined that the remaining issues we certified cannot be decided from the summary judgment record without additional findings which the district court has not yet made.  Id.

We express our gratitude to the Florida Supreme Court and, as a result of its decision, vacate the judgment of the district court and remand for further proceedings consistent with that decision and with our previous opinion in this

_____

[*] Honorable William Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

2

case.  See Zota, 466 F.3d at 990 n.1.

**VACATED AND REMANDED.**